FILED

DEC 0 9 2019

CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF OHIO
CLEVELAND

## United States District Court, N.D. Ohio
## Eastern Division

Cheryl Blue,

        Plaintiff Pro Se,

vs.

The City of Lakewood, Ohio;
Judge Patrick Carroll;
Pamela Roessner; Mayor
Michael Summers,

        Defendants

)
)
)
)
)
)
)
)
)

**1:19  CV  2851**

CASE no. _____

**JUDGE BOYKO**

Judge_____

**MAG. JUDGE RUIZ**

COMPLAINT

### I. Introduction

This is an action seeking injunctive relief and damages arising under U.S.C. Section 1983 as a result of the unconstitutional seizure of Plaintiff's personal property (her lawfully issued New York State Identification card), in violation and contravention of Plaintiff's constitutionally granted rights to due process and guarantee against unreasonable search and seizure under the Fourth and Fourteenth Amendments to the Constitution of the United States and Article 1, of the Ohio Constitution. Plaintiff also seeks court costs and, in the event Plaintiff retains counsel in this matter for future proceedings, all attorney fees pursuant to 42 U.S.C. § 1983 and 42 U.S.C. §1988

Pursuant to the provisions of Fed. R. Civ. P. 65, Plaintiff moves this Court for a preliminary and/or permanent injunction against all Defendants enjoining them from illegally and unconstitutionally seizing the validly issued State Identification Licenses (both driving and non-driving) from persons who appear before the Lakewood Municipal Court -- and specifically from African Americans -- who choose to exercise their constitutionally protected right to enter a plea of not guilty.

## II. Jurisdiction and Venue

1. This Court has jurisdiction as Plaintiff's claims are based upon 42 U.S.C. § 1983, which authorizes actions to redress the deprivation, under color of state law, of rights, privileges, and immunities secured to Plaintiff by the Constitution of the United States.

2. This Court has jurisdiction pursuant to § 1331 of the Judicial Code (28 U.S.C.A § 1331) as this is a civil action arising under the Constitution of the United States.

3. This Court has jurisdiction pursuant to 28 U.S.C. § 1343(a)(3) as this action seeks to remedy deprivations, under color of law, of Plaintiff's rights guaranteed by the Fourth and Fourteenth Amendments to the Constitution of the United States and applicable federal laws.

4. Plaintiff's claims for declaratory relief and compensatory damages are sought under 28 U.S.C. §§ 2201and 2202.

5. Plaintiff seeks permanent injunctive relief pursuant to Rule 65 of the Federal Rules of Civil Procedure.

6. Plaintiff's claims for costs and attorney's fees (in the event an attorney is retained) are predicated upon 42 U.S.C. § 1988, which authorizes the award of attorney's fees and costs to prevailing parties pursuant to 42 U.S.C § 1983.

7. Venue is conferred by **28 U.S.C. § 1391(b)** and as Defendant City of Lakewood is located in Cuyahoga County, Ohio, and the events giving rise to this claim occurred in Cuyahoga County, Ohio.

## III PARTIES

8. Plaintiff is a real estate investor who, at the time of the events giving rise to this action, commuted between her apartment in New York, NY and an office/residence in Bratenahl Ohio. Plaintiff, through her company, Blue Horizons Property Development, owns three residential properties in Lakewood Ohio. The property located at 12206 Detroit Avenue is the location which gave rise to the present action.

9. Defendant Patrick Carroll is the sole Municipal Judge in the City of Lakewood. His solitary position thereby conveys to Defendant Carroll a tremendous degree of power which he often exercises in a draconian manner based personal whim and without regard to the prevailing laws of Ohio or of the United States if America. Upon information and belief, Judge Carrol is widely known to dispense one standard of "justice" to white defendants appearing before him and a different standard for black defendants.

2

10. Defendant Pamela Roessner was, at the time of the events in question, the Trial Prosecutor for the City of Lakewood Municipal Court.

11. Michael Summers was, at the time of the events in question, the Mayor and Chief Executive of the City of Lakewood

## FACTS

12. On August 22, 2017, Plaintiff appeared in Lakewood Municipal Court in response to a complaint received naming her company for minor building department violation.  Including the painting of a small porch of a row house.  When the case for her company was called, she approached the bench and identified herself as company president.

13. Defendant Carroll then asked for Plaintiff's plea.  At no point did he tell her the company had to be represented by counsel.  Instead, he asked her for her plea.  Plaintiff had a question about the porch since she didn't recall having received a notice of a painting violation for the front porch and was unsure of which porch the Complaint was referring to (front or back porch, or perhaps one of the three conjoined properties).  She attempted to ask Defendant Carroll a question and that appeared to annoy him.  He would not allow a question to be asked, he would not allow any clarification, so Plaintiff pled Not Guilty until she could get to her office and review any documents received from the City of Lakewood prior to receiving the Summons.

14. Each litigant in Defendant Carroll's courtroom is required to hand over their ID to the Court Clerk when their name is called.  After entering her plea, Plaintiff went to the Clerk and asked for the return of her ID.  She was told she could have it back at the next hearing date.

15. Plaintiff found this odd since she had observed that while most s in the courtroom had pled Guilty, the ONE person who pled Not Guilty was a very pretty young blonde white girl who pled to a moving violation DRIVING charge.  After assigning her a return date, Defendant Carroll turned to his Clerk and told her to return the young white woman's Driver's License.  So, the one defendant appearing on an action that actually related to her Driver's License was permitted to retain it, yet no such courtesy was granted to me and I was not even a named litigant...

16. Despite not being a named party in the action, my private property -- to wit, my New York State-issued Government Identification --was seized and retained by the court clerk at the time of my initial hearing.

17. At my second appearance on August 29th, I pleaded not guilty to the misdemeanors and asked for the return of my personal property.  The Clerk said I would have to ask the Judge.  He denied my request and I asked on what basis my private property was being retained and he replied that I would be arrested if I asked any further questions.

18. Thereafter, I learned from some young African American Cleveland males who did odd jobs in Lakewood that it was common knowledge that any black defendants who pled not guilty in

Defendant Carroll's courtroom have their Drivers' License seized and retained. With white litigants, I was told, it depended on whether or not they said something to anger Defendant Carroll. Those who were obedient usually received their licenses back, but rarely did young black males.

19. On September 12, 2017 I emailed a Cease and Desist letter to Defendant Summers as well as City Attorney Kevin Butler stressing the seriousness of the situation and alerting them that I would suffer irreparable injury if my property was not returned in time for me to travel home to New York for a city mayoral election (see Exhibit A). I received no response from either official.

## CLAIMS FOR RELIEF

### COUNT I

### Fourth Amendment

### Unreasonable Seizure of Property in Violation of the Fourth Amendment

### (42 U.S.C. § 1983)

20. Plaintiff incorporates and realleges each and every allegation contained in the preceding paragraphs of this Complaint. The seizure of plaintiff's property occurred on August 22, 2017 when Defendant Carroll, acting in concert with Defendant Roessner, who as an officer of the court, was well aware that defendant Carroll's actions were a violation of the constitutional ban against illegal search and seizure,, took possession of Plaintiff's validly issued New York State Identification Card in retaliation for her plea of not guilty on behalf of her company to a charge of an unpainted porch on a small row hous.- The seizure and retention of Plaintiff's property without first obtaining a warrant, was a warrantless seizure.

21. Plaintiff was deprived of her right to interstate travel, and because of that limitation, her right to vote in New York's 2017 election because of Defendants' unlawful seizure of her property. Plaintiff voted in New York in the 2016 election and complied with all Board of Election requirements in preparation for the 2017 Mayoral election. However, because of Defendants' illegal actions, she was deprived of: 1) the right to freely travel to another state (New York) because there was no mode of transportation which she could board without an ID (Plaintiff does not drive), and even if she had found a mode of transportation she could still not have voted without first showing ID.

22. The seizure of Plaintiff's property was unreasonable because there existed no explicit statutory authority to seize the property (ID) of an individual who was NOT a party to any action before Defendant Carroll.

23. The seizure and retention of Plaintiff's property was unreasonable because Defendant Carroll was following no legal rules or guidelines, but rather was acting on a dictatorial whim. Upon

information and belief gained from several young African American males who appeared in Defendant Carrol's courtroom, it is clear that he allegedly seized Identification and Drivers Licenses when he "felt" like it. How else to explain the fact that, in an instance where a driver's license was actually *related* to the charge in the case before him (the attractive blonde white woman with a moving violation), he specifically instructed his clerk to RETURN HER DRIVER'S LICENSE after she pleaded Not guilty, yet refused to return Plaintiff's ID when her company (not her, but her company), was before him for matters related to painting the porch of a small row house.

24. The practice of seizure is unreasonable because of the absence of any rules, guidelines, procedures, policies, regulations or uniform standards to limit the unfettered discretion of Defendant Carroll in enforcing it, which renders the seizures arbitrary and capricious.

25. Plaintiff was given no due process – including not being told WHY her property was being seized and held, nor given an opportunity to contest the validity of the seizure and retention of her valid State Identification Card.

26. Although he was contacted by Plaintiff in an effort to reclaim her property and avoid the irreparable injury of missing an election, Defendant Summers ignored her request and never granted her, a property owner within his municipality, the courtesy of even a reply to her correspondence.

27. Defendants violated plaintiffs' rights under the Fourth Amendment to the U.S. Constitution.

28. Defendant Carroll's Self-Styled policy of seizure is facially unconstitutional because it permits warrantless seizures while at the same time vesting ultimate discretion and authority in Defendant Carroll to seize the property of an individual who was not even a party to an action under his judicial authority.

29. Defendants' seizure and retention of Plaintiff's property was an infringement of both her property and liberty.

30. Plaintiff suffered, and continues to suffer, injuries and damages as a direct and proximate result of the above-described conduct of Defendants, as will more fully appear at trial.

31. Plaintiffs is entitled damages as well as her costs, including reasonable attorneys' fees, pursuant 42 U.S.C. 1988 should she opt to retain an attorney in this matter.

## COUNT II

### Due Process

#### Fourteenth Amendment

#### Deprivation of Property And Liberty

#### (42 U.S.C. § 1983)

32.  Plaintiff incorporates and realleges each and every allegation contained in the preceding paragraphs of this Complaint.

33. Defendants, acting under color of state law, deprived Plaintiff, and others similarly situated, of their liberty and property rights secured by the Due Process Clause of the Fourteenth Amendment to the United States Constitution in violation of 42 U.S.C. 1983.

34. Defendants knew, or should have known, that their above-described conduct violated Plaintiff's due process rights which are secured by the Fourteenth Amendment of the U.S. Constitution, in violation of 42 U.S.C. § 1983.

35. Defendants, by their conduct, as described herein, and acting under color of state law, have deprived Plaintiff of his right to her own property, which she has a "legitimate claim of entitlement to."

36. Defendants, by their conduct, as described herein, and acting under color of state law, have deprived Plaintiff of her right to her own liberty and property.

37. The acts of the Defendants impermissibly violated Plaintiff's substantive and procedural due process rights.

38. Among other violations of the Constitution, Defendants failed to provide a deprivation hearing on the seizure and retention of Plaintiff's property. Plaintiff was provided no information as to how she could redeem her Identification, short of changing her plea.

39. Defendants' unlawful actions were done with the specific intent to deprive Plaintiff of her constitutional right to be secure in her person and property, and to force Plaintiff and all similarly situated African American litigants to plead in the manner that Defendant Carroll demands.

40. Even after being informed of the irreparable injury which would ensue from Defendant Carroll's exra-judicial conduct, Defendant Summers took no action.

41. The seizure of Plaintiff's property by the City of Lakewood employees and agents, and the retention of that property was conducted pursuant to a policy, practice, or custom that violates the United States Constitution.  Upon information and belief, Defendant continues to engage in such unconstitutional conduct, especially with African American defendants.

42. Seizing an individual's identification without any explanation as to why the seizure is taking place or for how long violates due process because it arbitrarily deprives Plaintiffs of their

6

property.

43. Due to the lack of any rules, standards, policies, procedures or regulations, Defendant Carroll's singularly crafted and implemented policy fails to inform a person of reasonable intelligence what behavior is prohibited, what the appropriate range of punishment for any specific behavior should be, and it fails to provide any basis for the taking of the property. The policy merely exists at the whim of Defendant Carroll, with no oversight or guidance of any sort, causing the seizures to be, by definition, arbitrary and capricious, in violation of both the due process clause and equal protection clause of the US Constitution.

44.. Plaintiff was never provided with the necessary due process, including an opportunity to contest the validity of the seizure and retention

45. Defendants violated plaintiff's rights under the Fourth Amendment to the U.S. Constitution.

46. Defendants' seizure of Plaintiff's property was an infringement of both property and liberty right.

47. Plaintiff is entitled to his costs, including their reasonable attorneys' fees, pursuant 42 U.S.C. 1988.

48 Plaintiff suffered injuries and damages as a direct and proximate result of the above-described conduct of Defendants, as will more fully appear at trial.


## COUNT III

### Fourteenth Amendment

### Violation of Due Process Clause

(42 U.S.C. § 1983)

49. Plaintiff incorporates and realleges each and every allegation contained in the preceding paragraphs of this Complaint.

50. Defendants, acting under color of state law, deprived, Plaintiff of her right secured by the Due Process Clause of the Fourteenth Amendment to the United States Constitution in violation of 42 U.S.C. § 1983.

51. Defendant Carroll's wholesale self-delegation of the Power to seize the property of anyone present in his courtroom (even a nonparty, to retain that property for as long as he chooses, and to cause irreparable injury as a result thereof, all at his SOLE discretion, is impermissible under the Constitution. It amounts to nothing short of "government by the moment-to-moment" opinions and moods of Defendant Carroll, absent any standards, procedures, guidelines or rules to guide in the seizing and retaining a person's property.

52. Acting under color of state law, Defendants have unbridled discretion to seize and retain personal property without providing notice as to when, why, and how said property will be returned.

53. By exercising unlimited, unguided discretion over application and enforcement of seizure of personal property, Defendants , acting under color of state law, violated Plaintiff's right to due process of law as guaranteed by the Fourteenth Amendment of the United States Constitution and 42 U.S.C. § 1983.

.

## COUNT IV

### Violation of Article I, Section 16 of the Ohio Constitution

54. Plaintiff incorporates and realleges each and every allegation contained in the preceding paragraphs of this Complaint.seize the property of any person in his courtroom.  Such policy violated the due process rights of Plaintiff in violation of the Fourteenth Amendment to the United States Constitution and the Ohio Constitution.

55. The acts of the Defendants were actions taken under color of state law.

56. The acts of the Defendants in enforcing or threatening to enforce the Statute deprives Plaintiff, and others similarly situated, of their property in violation of the Fourteenth Amendment to the United States Constitution and the Ohio Constitution.. Plaintiff hereby incorporates by reference all allegations contained in all numbered paragraphs of this Complaint as if set forth fully here.

57. Defendant Carroll's policy of seizing the State- Issued Identification Cards and/ or driver's licenses of defendants who exercise their constitutionally protected right to enter guilty pleas violates the United States Constitution and the Constitution of Ohio.

58.  Accordingly, pursuant to 42 U.S.C. § 1983 and other authority is appropriate, Plaintiff seeks an order barring Defendants from seizing the personal property of defendants appearing before Defendant  Carroll for the specific purpose of forcing them to plead guilty, thereby having a chilling effect on their right to plead freely in cases before him.

## COUNT V
### Deprivation of the Right to Vote
### The 15th Amendment and the Voting Rights Act
### 52 U.S.C. § 10101

## Liability of Defendant Carroll, Defendant Summers and Defendant City of Lakewood

59. The US Supreme Court has firmly held that the right to vote is a "fundamental right because it is preservative of all rights.  *Harper v. Virginia Board of Elections* (1966). Through coercion, intimidation and his unlawful seizure of Plaintiff's Voter ID (her validly issued New York State Identification Card) Defendant Carroll, acting under color of law, willfully and intentionally sought to deprive, and in fact did deprive, Plaintiff of her right to vote under the 15th Amendment and the Voting Rights Act of 1965, 52 USC § 10101

60. By virtue of the Cease and Desist letter sent to Defendant Summers on September 12, 2017 informing him that Defendant Carroll had unconstitutionally seized her ID card, and further informing him of the upcoming New York Mayoral election in which Plaintiff wished to vote, Defendant Summer's failure to exercise he executive power of office and secure the return of Plaintiff's ID represented an action, in concert with defendant Carroll to deprive Plaintiff of her voting rights under law. In his capacity as ultimate municipal executive, Defendant Summers showed deliberate indifference to the harm that would result from Defendant Carroll's illegal seizure and retention of Plaintiff's voter ID and the irreparable injury that would result therefrom.

61. Plaintiff suffered irreparable injury as a result of defendants' concerted actions, which were the direct cause of Plaintiff being unable to travel to New York, to gain entry to her polling place and to cast her ballot.

62. Since Defendant Carroll was acting as an employee of the City of Lakewood, the Municipality is also liable for Plaintiff's irreparable injury.

63. Plaintiff is entitled to damages as a result of those actions, as well as costs, including reasonable attorneys' fees, pursuant to42 USC § 1988 should she opt to retain an attorney in this action.


## COUNT VI

### Retaliation for Attempt to Enforce a Constitutionally

### Protected Right


64. When Plaintiff was unsuccessful in securing the return of her property through the Cease and Desist letter to Defendant Summers, she contacted Michael Skindell, State representative for Lakewood. In or about September 2017, Rep Skindell contacted Defendant Carroll by phone and, in the course of discussing my case on the phone with Rep Skindell, *outside the courtroom* (a violation of judicial practices, Defendant Carroll again refused to return Plaintiff's property.

65. Because Plaintiff attempted to seek the return of her property through both the Cease and Desist Letter and her contact with Representative Skindell, Defendant Carroll the embarked on a patterned of continued threats and intimidatio, including threatening to fine Plaintiff's company up to 10 times the normal fine for an unpainted porch.

66. Defendant Carroll's retaliation was ongoing up to and until December 7, 2017, in violation of Plaintiff's Due Process and Equal Protection Rights under the Fourth and Fourteenth Amendment,

Plaintiff is entitled to damages as a result of those actions, as well as costs, including reasonable attorneys' fees , pursuant to42 USC § 1988 should she opt to retain an attorney in this action

## COUNT VII

### Attorney Fees - <u>42 U.S.C. § 1988</u>

WHEREFORE, Plaintiff, individually and on behalf of others similarly situated seeks:

64. A judgment against each named defendant and punitive damages in an amount to be determine by the court, sufficient to reflect the seriousness of Defendant's actions, systemic actions that strip African Americans of their constitutionally guaranteed right to enter a plea of their choosing without fear of retribution in the form of seizure of property and harassment, and such other relief as may be equitable and just.

Respectfully submitted,

CHERYL BLUE, Pro se

1 Bratenahl Place, Ste. 712

Bratenahl, OH 44108

Phone:

Email: bluehorizonsproperty@gmail.com

*Plaintiff Pro se*

Ph. 216 801 - 5667

## JURY DEMAND

Plaintiff hereby demands a trial by jury on all issues raised in this Complaint as set forth in this pleading.

*10*