UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **CHERYL BLUE,** | ) | CASE NO. 1: 19 CV 2851 |
| | ) | |
| Plaintiff, | ) | JUDGE CHRISTOPHER A. BOYKO |
| | ) | |
| v. | ) | |
| | ) | **OPINION AND ORDER** |
| **CITY OF LAKEWOOD, OHIO,** *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**CHRISTOPHER A. BOYKO, J.:**

### Background

*Pro Se* Plaintiff Cheryl Blue has filed a fee-paid Complaint pursuant to 42 U.S.C. § 1983 against the City of Lakewood, Ohio, Lakewood Municipal Court Judge Patrick Carroll, former Prosecutor Pamela Roessner, and Mayor Michael Summers. (Doc. No. 1.) Her Complaint pertains to a 2017 misdemeanor building code case in Lakewood Municipal Court over which Judge Carroll presided and in which the Plaintiff appeared on behalf of the Defendant Blue Horizons Property Development LLC (Blue Horizons). *See Lakewood*

*Building Department v. Blue Horizons Property Development LLC*, Case No. 2017 CRB 01045 (Lakewood Mun. Ct.).

The Plaintiff alleges Judge Carroll violated her federal and state constitutional rights by retaining her New York state-issued identification as supplemental bond after she initially appeared on behalf of Blue Horizons and pleaded not guilty in the case in August 2017. She further contends the Judge retaliated against her by "threats and intimidation"[1] for complaining about his conduct "up until December 7, 2017," when the case was resolved pursuant to her no-contest plea. (Doc. No. 1 at ¶¶ 65, 66.) The docket in the municipal court case indicates that the Plaintiff's identification was retained as supplemental bond on August 19, 2017, and was returned to her on September 13, 2017, when the case was initially set for trial.[2]

The Plaintiff asserts the Judge did not retain the identification of a white woman who appeared and pleaded not-guilty to a traffic violation on the same day her identification was retained, and she asserts it is "widely known" and "common knowledge" that the Judge dispenses different standards of justice to white and black defendants. (*Id.* at ¶¶ 9, 15, 18.) She asserts that "African American Defendants who pled not guilty in the Judge's courtroom have their drivers licenses seized and retained," but for "white litigants . . . it depended on whether or not they said something to anger" the Judge. (*Id.* at ¶ 18.) She further alleges that

---

[1]Specifically, she contends the Judge threatened to fine her up to ten times the normal fine for the misdemeanor code violation.

[2]The docket further indicates the case did not go to trial on September 13, 2017, for lack of an authorized representative on behalf of the corporate defendant, and was called for trial on December 7, 2017.

the retention of her identification prevented her from traveling to New York to case a ballot in a mayoral election. (*Id.* at ¶ 61.)

Asserting constitutional rights violations and violation of the Voting Rights Act, she seeks damages and injunctive relief under § 1983. (*Id.* at page ID # 1.) She contends Defendants Summers, Roessner, and the City of Lakewood are liable on the basis of Judge Carroll's "self-styled" practice of seizing identification from black litigants, of which she contends the other Defendants all had knowledge. (*See id.* at ¶¶ 28, 40-41, 60, 62; Doc. No. 1-1.)

### Standard of Review and Discussion

Federal courts are courts of limited jurisdiction and have a duty to police the boundaries of their jurisdiction. District courts have the authority to dismiss *sua sponte* a non-prisoner *pro se* complaint for lack of jurisdiction "at any time" where the filing fee has been paid if "the allegations of a complaint are totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open for discussion." *Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999).

Upon review, the Court finds the Plaintiff's Complaint must be dismissed pursuant to *Apple v. Glenn*.

It is well established that judges are entitled to absolute immunity from suit based upon their judicial acts even if they acted erroneously or in bad faith. *Mireles v. Waco*, 502 U.S. 9, 11 (1991). Judicial immunity can be overcome only by a showing that a judge's challenged action was "non judicial," or that the judge acted without jurisdiction. *Id.* at 11–12.

The Plaintiff's Complaint does not allege or demonstrate either of these circumstances. The Plaintiff's Complaint pertains to judicial acts over which Judge Carroll is entitled to absolute judicial immunity, notwithstanding her allegations that the Judge's retention of her identification was racially biased and that he unlawfully retaliated against her for complaining about his conduct in the municipal court case. *See Cooper v. Rapp*, 702 F. App'x 328, 333-34 (6th Cir. 2017) (state-court judge was entitled to absolute judicial immunity in § 1983 action alleging that the judge racially discriminated against a litigant and his African-American attorney in connection with his rulings in a state-court proceeding). Further, the Judge is not amenable to suit for injunctive or declaratory relief under § 1983. *See Hertel v. Krueger*, No. 2: 18 CV 179, 2018 WL 3912807, at *3 (S.D. Ohio Aug. 16, 2018).

The Plaintiff's Complaint does not allege plausible claims and must be dismissed against the other Defendants as well. The Plaintiff does not allege facts suggesting that any of the other Defendants was personally involved in discriminatory or unlawful actions. Instead, the Plaintiff seeks to hold them liable on the basis of a "self-styled" practice of Judge Carroll. There is no vicarious liability under § 1983, however, and the Plaintiff may not hold the other Defendants liable under § 1983 solely on the basis of the alleged misconduct of the Judge, as she seeks to do here. A municipal government cannot be held liable solely because it employees a tort-feasor. *Monell v. Department of Social Services of City of New York*, 436 U.S. 658, 659 (1978). Nor can liability be based on "simple awareness" of another's misconduct. *See McQueen v. Beecher Community Schools*, 433 F.3d 460, 470 (6th Cir. 2006).

Further, although the statute of limitations is an affirmative defense, a complaint may be dismissed as frivolous on initial screening if the allegations of the complaint on their face

demonstrate that the claim would be barred by the applicable statute of limitations. *See Fraley v. Ohio Gallia County*, No. 97–3564, 1998 WL 789385 *2 (6th Cir., Oct. 30, 1998) (affirming *sua sponte* dismissal of *pro se* § 1983 action filed after the statute of limitations for bringing such an action expired).

It is apparent on the face of the Plaintiff's Complaint that her action is time-barred. For § 1983 claims arising in Ohio, the statute of limitations is two years. *Browning v. Pendleton*, 869 F.2d 989, 999 (6th Cir. 1989). All of the conduct the Plaintiff alleges and which gives rise to her § 1983 action occurred more than two years before she filed this lawsuit on December 9, 2019.

## Conclusion

Based on the foregoing, this action is dismissed for lack of federal subject-matter jurisdiction pursuant to the Court's authority established in *Apple v. Glenn*. The Court further certifies, pursuant to 28 U.S.C. § 1915(a)(3) that an appeal from this decision could not be taken in good faith.

**IT IS SO ORDERED.**

  s/Christopher A. Boyko
**CHRISTOPHER A. BOYKO**
**Senior United States District Judge**

**Dated: May 27, 2020**